UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WERONIKA JANCZUK,

                Plaintiff,

-against-

UNITED STATES OF AMERICA;
INSTITUTION/FINANCIAL,

                Defendant.

24-CV-2738 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, invokes the court's federal question jurisdiction. By order dated April 24, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses this action for the reasons set forth below.

**STANDARD OF REVIEW**

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

## BACKGROUND

Plaintiff brings this action against the United States of America and "Institution/Financial." Plaintiff alleges the following:[1]

[0001] Some to all persons do not have all the money they could have.

[0002] Some to all persons do not have all the money they need.

[0003] Some to all persons do not have all the money they want.

[0004] A philosophical principality would suggest that the economy ought never be smaller than a population's potential and that the economy ought to change in order to adjust to persons' potentials. This principality is not always executed industrially worldwide, or otherwise, nor mandated by any nation-state, let alone all.[0005] A philosophical principality would suggest that the only way human persons can and do come into money is via capitalistic exchanges for labor, and that any other alternative of ways for coming into money means that capitalism is not active, versus imagining, for example, an integration between two kinds of philosophical projects, one reality-based, in which ontological capital is noted as the kind of capital by which all other forms of capital and product come to exist and be exchanged, mandating something like a guaranteed house and car and base technological set and retirement package and education package and annual

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

> microcapsule package for clothing and an annual travel stipend and a base food package before opening up reality-based ontology-based capitalistic infusions ordered to a more complex way of existing, in accord with all forms of economic work today; or, perhaps, giving all things that exist in some kind of ontological contracting and then changing capitalistic ways of being to be interpersonal-alone, in which money is exchanged only for persons and personal time, versus a program-economic other.

(ECF 1 at 2-3.)

> Plaintiff alleges the following injuries:
>
> [0001] The US economic system does not always guarantee a job fit for the person seeking employment, even as millions take on and are satisfied with their employments. There is no equality in the employment, this way guaranteed, even as none has ever been guaranteed this way exactly. Persons without personalized work and labor and economy and more suffer unjustly and disproportionately.
>
> [0002] The US does not guarantee persons fully-evolved disciplinary inputs for decision-making, and does not guarantee all persons equal access to disciplinary knowledge; as in, not all persons who need any particular surgeon might ever have access to that surgeon. Alleviating financial barriers to the pursuit of all outputs for all persons as well as guaranteeing national and international quantitative pathways can aid persons' needs.
>
> [0003] The US does not guarantee the exact same pathway to education, i.e., NYU medical students receive free tuition as of some years ago but not all NYU medical students have received that tuition and not all who have attended medical school elsewhere received tuition for free.

(*Id.* at 3.)

> Plaintiff seeks multiple forms of relief, including the following:
>
> [0001] That the US impose psychiatric, including psychiatric-ontological, as well as ontological examinations on all persons;
>
> [0002] That, pending the examination, the US--and also: despite the result of the examination--the US design personalized financial potting systems for all persons in the US that would require the giving of contracted monies to generate economic lifestyles post-alleviation-of-psychiatric-problems, persisting-in-being temporary metaphysical infrastructures for the management of all neuroscientific and cardiovascular and corporeal-other and sociological and other changes that changes in financial states would yield (in other words, letting the system exist for a time before changing it again: i.e., a potting system for five to ten (5-10) years before the US re-examines the impact of financial pottings), including--to be litigated, negotiated, debated, and implemented, as soon as possible:

> [0002:a: a lifetime salary guarantee for all persons in their thirties (30s) and older against which to work, cording persons to, i.e., personalized bankers, accountants, interior designers, and stylists to help examine unopened psychiatric and otherwise medical- or biological- spaces; [0002:a:i: a lifetime guarantee that all basic systems will actually be given in proportion to all persons, herein including housing, food, clothing, and proportionate transport and social-cultural life, between now and their death;
>
> [0002:b: a return of all trauma-infused shoddy economy to all persons in their even-forties (40s) and older, if not all; [0002:c: a complex per-cognition, per-problem, per-book, per-written-sentence, per-word-spoken, etc., anything-goes system for capitalizing education in the life every student K-university-end, corded to monies moved and economies opened, including interpersonal, with the child's growth;
>
> [0002:d: a funding system for medical-doctorates, for the sake of managing one's bio-corporeal evolution to the highest fit . . .

(*Id.* at 3-4.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's allegations rise to the level of the irrational. Moreover, with respect to the relief she seeks – including that "the US impose psychiatric, including psychiatric-ontological, as well as ontological examinations on all persons," and "a return of all trauma-infused shoddy economy to all persons in their even-forties" – there is no apparent legal theory on which she can rely to state a claim in connection with her requests for such relief. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. Accordingly, a finding of frivolousness is warranted, and the Court dismisses this action as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## LITIGATION HISTORY AND WARNING

Court records show that in the past several months, Plaintiff has filed 20 other cases in this court, many of which also name the United States as a defendant. *See Janczuk v. Fed. Trade Comm'n*, ECF 1:24-CV-3703, 6 (LTS) (S.D.N.Y. Aug. 6, 2024) (dismissing complaint as frivolous, and listing other cases filed); *Janczuk v. United States*, ECF1:24-CV-3719, 6 (LTS) (S.D.N.Y. Aug. 6, 2024) (same). In both of those orders, the Court warned Plaintiff that continued submission of actions determined to be frivolous or without merit may result in an order directing her to show cause why she should not be barred from filing new civil actions IFP in this court without prior permission to file from the court. *See* 28 U.S.C. § 1651. That warning remains in effect.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff is warned that continued submission of actions determined to be frivolous or without merit may result in an order directing her to show cause why she should not be barred from filing new civil actions IFP in this court without prior permission to file from the court. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   August 20, 2024
            New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge